**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVE A. HILL,

      Plaintiff,

v.

MIDDLESEX COUNTY PUBLIC
DEFENDER'S OFFICE, et al.,

      Defendants.

Civil Action No. 18-0777 (MAS) (LHG)

**MEMORANDUM OPINION**

    Plaintiff is proceeding with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, (*see* Order, Jan. 22, 2018, ECF No. 2), the Court must screen the Complaint to determine whether the case should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, for the reasons stated below, the Complaint is dismissed with prejudice.

    All of Plaintiff's claims relate to the conduct of his public defenders in an ongoing state criminal prosecution. In addition to two public defenders, Plaintiff also names the Middlesex County Public Defender's Office and the State of New Jersey as defendants. Plaintiff seeks to have his criminal case dismissed and demands $50 million in damages. (Compl. 7, ECF No. 1.)

    First, the State of New Jersey is immune from suits in federal court. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any

Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court"). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979).

Furthermore, the Court will not dismiss Plaintiff's state criminal matter absent allegations of bad faith, harassment or some other extraordinary circumstance by the state prosecution. *See Younger v. Harris*, 401 U.S. 37, 49 (1971); *Cunningham v. Mortg. Contracting Servs. LLC*, 634 F. App'x 361 (3d Cir. 2016). Indeed, Plaintiff does not even contend that the criminal prosecution was in error. To the extent Plaintiff seeks injunctive relief in his criminal matter, the state court is more than capable of deciding those issues for itself, and this Court does not interfere in the fair administration of justice by a state tribunal. *See McDaniels v. N.J. Div. of Youth and Family Servs.*, 144 F. App'x 213, 215 (3d Cir. 2005). Moreover, Plaintiff does not name a defendant capable of providing the relief he seeks. *See Rutherford v. Warden, S. Ohio Corr. Facility*, No. 15-0164, 2017 WL 2495202, at *1 (S.D. Ohio June 9, 2017) (finding that courts have no jurisdiction to issue injunctions against non-defendants); *Tolbert v. Koenigsmann*, No. 13-1577, 2016 WL 3349317, at *3 (N.D.N.Y. June 15, 2016) (same); *Merritte v. Ingram*, No. 11-0871, 2015 WL 5693643, at *8 ("Plaintiff is not entitled to equitable relief against non-defendants."). As the Court found above, the State of New Jersey is immune from suit, and surely the public defenders and their office lack any authority to dismiss a criminal matter.

Finally, public defenders are not state actors liable under § 1983 because they are not persons acting under the color of law. "[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor." *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (citation and quotation omitted); *see Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) ("Public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys." (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981))). Additionally, a public defender's office is not is a "person" liable under § 1983. *Crisostomo v. State of N.J. Pub. Defender Office Passaic Cty.*, No. 14-4756, 2014 WL 4094793, at *2 (D.N.J. Aug. 18, 2014); *Santos v. Smith*, No. 08-3846, 2008 WL 4922207, at *3 (D.N.J. Nov. 12, 2008). The Court finds that the Complaint does not raise a valid claim and, accordingly, it is dismissed for failure to state a claim upon which relief may be granted. The dismissal is with prejudice because the Court finds that an opportunity to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002).

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: April 5, 2018